UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO D. PETERSON
*also known as*
ANTONIO D. MAYS

                    Plaintiff,

v.                                      Case No. 18-CV-1057

LT. EMANUELSON, *et al.*,

                    **Defendants.**

**ORDER**

Plaintiff Antonio D. Peterson,[1] a pre-trial detainee who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepaying the filing fee under 28 U.S.C. § 1915. This order resolves Peterson's motion for leave to proceed without prepayment of the filing fee and screens his complaint.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act ("PLRA") applies to this case because Peterson was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows an

---

[1] The plaintiff uses the name "Antonio D. Peterson (Mays)" in most documents on the docket. (ECF Nos. 1-2.) His trust fund activity sheet lists his name as "Antonio D. Mays." (ECF No. 3.) The court will refer to the plaintiff as "Peterson" because that appears to be his preferred last name.

incarcerated plaintiff to proceed with his lawsuit in federal court without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee the court can allow him to pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id*.

On July 18, 2018, the court ordered Peterson to pay an initial partial filing fee of $33.81. (ECF No. 5.) Peterson paid that fee on July 31, 2018. Therefore, the court will grant his motion for leave to proceed without prepayment of the filing fee. Peterson must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B. *Factual Allegations*

Peterson is a pre-trial detainee at the Milwaukee County Jail ("MCJ"). (ECF No. 1.) Defendants are Lt. Emanuelson, Lt. Montano, CO Medina, and Jane Does #1-3. (*Id*.)

On May 20, 2018, Peterson's "in-cell toilet" overflowed and his cell was covered with urine and waste. (*Id*. at 3.) Peterson and another inmate notified CO Medina and Jane Does #1 and #2 about the condition of his cell but none of them resolved the issue. (*Id*. at 4.) Someone turned off the water connection in Peterson's cell but left him in the cell. (*Id*.) Medina brought Peterson a food tray, and Peterson was forced to eat his food while surrounded with urine and waste. (*Id*.)

Later in the day Peterson was moved to another cell. (*Id*.) This cell did not have a functioning toilet. (*Id*.) Peterson could not hold his bodily fluids due to recent intestinal surgery. (*Id*. at 4-5.) Peterson told Lt. Emanuelson, Lt. Montano, and Jane Doe #3 that there was no toilet in the cell and that he could not hold in his bodily fluids, but none of them resolved the issue. (*Id*. at 5.) Although it is not clear from the complaint, it appears

3

that Peterson alleges that his lack of access to a toilet in the new cell resulted in him going to the bathroom on the floor of his cell. And it appears Peterson alleges that he was again forced to eat while surrounded with urine and waste. (*Id*.)

Peterson notes that as of June 13, 2018, he was again "being confined in the same cell (#2) with feces and urine." (*Id*. at 4.) For relief, Peterson seeks monetary damages. (*Id*. at 4-5.)

*C. Analysis*

To state a claim under 42 U.S.C. §1983 Peterson must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

All incarcerated individuals are entitled to humane conditions of confinement. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664–65 (7th Cir. 2012)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A pretrial detainee is protected by the due process clause of the Fourteenth Amendment rather than the proscription of cruel and unusual punishment under the Eighth Amendment. *Id*. (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)). Nonetheless, courts still look to Eighth Amendment case law in addressing Fourteenth Amendment claims because the rights guaranteed to pre-trial detainees

4

under the Fourteenth Amendment are at least as broad as those guaranteed to convicted prisoners under the Eighth Amendment. *Id*.

To state an Eighth Amendment conditions-of-confinement claim Peterson must allege that: (1) jail officials imposed conditions that deprived him of a "minimal civilized measure of life's necessities," and (2) jail officials were subjectively aware of the condition but consciously disregarded it. *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)).

Based on the factual allegations above, Peterson may proceed with a Fourteenth Amendment claim that, between May and June 2018, he notified Lt. Emanuelson, Lt. Montano, CO Medina, and Jane Does #1-3 about urine and waste in his cell but they disregarded his complaints, forcing him to live and eat in inhumane conditions of confinement.

**IT IS ORDERED** that Peterson's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**. The agency having custody of Peterson shall collect from his institution trust account the **$316.19** balance of the filing fee by collecting monthly payments from Peterson's prison trust account in an amount equal to 20% of the preceding month's income credited to Peterson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Peterson transfers to another county, state,

or federal institution, the transferring institution shall forward a copy of this order, along with Peterson's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where Peterson is confined.

**IT IS ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on Lt. Emanuelson, Lt. Montano, and CO Medina.

**IT IS ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, Lt. Emanuelson, Lt. Montano, and CO Medina shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, Peterson may make discovery requests (written questions or requests for documents) on the named defendants in an effort to identify the real names of Jane Does #1-3. Once he knows the real names of the Jane Doe defendants, he should file a motion asking the court to substitute the real names for the Jane Doe placeholders. Again, Peterson should not serve any discovery requests upon the named defendants until *after* the Court enters a scheduling order.

**IT IS ORDERED** that Peterson shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, Peterson need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Peterson should also retain a personal copy of each document filed with the court.

Peterson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 1st day of October, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge