UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO D. PETERSON,

                Plaintiff,

v.                                               Case No. 18-cv-1057-pp

ANTHONY EMANUELE, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT (DKT. NO. 26)**

        The plaintiff filed his complaint on July 11, 2018. Dkt. No. 1. On December 6, 2018, the court issued a scheduling order, requiring the parties to complete the exchange of discovery by April 5, 2019, and requiring any party who wanted to file a summary judgment motion to do so by May 10, 2019. Dkt. No. 14. Although summary judgment motions are not due until May, the plaintiff already has filed such a motion; he filed it on December 13, 2018. Dkt. No. 16. On January 8, 2019 (twenty-six days after the plaintiff filed his motion), the defendants asked for an extension of time to respond to the motion, dkt. no. 23; the court granted that request on January 9, 2019, and extended the deadline for them to respond to May 10, 2019, dkt. no. 25.

        Two days later, on January 11, 2019, the court received from the plaintiff a motion for default judgment. Dkt. No. 26. In the motion, the plaintiff says that the defendants failed to meet the thirty-day deadline the court set in the scheduling order for responding to motions for summary judgment. Id. (see

1

Dkt. No. 14 at 2, requiring parties opposing motions for summary judgment to file their opposition materials within thirty days of service of the motion).

The court will deny the plaintiff's motion. First, the defendants timely filed a motion asking the court to extend the deadline for them to respond, and the court granted that motion. The defendants' response is not due until May 10, 2019. Dkt. No. 25. Second, under Federal Rule of Civil Procedure 55, default judgment is appropriate when a defendant has not answered or otherwise responded to the plaintiff's *complaint.* If the defendants had not asked for an extension of time (or filed a response to the summary judgment motion), the plaintiff's remedy would have been to have this court decide the motion without the defendants' input.

For the plaintiff's information—the reason the court sets the summary judgment deadline *after* the deadline for completing discovery is that the information that parties collect in discovery is evidence they can use to support—or oppose—motions for summary judgment. The reason the court extended the defendants' response deadline to May 10, 2019 is because, by that time, discovery will be complete. If the plaintiff had waited until May to file his motion for summary judgment, he would have had all the discovery at his disposal to support his motion. By filing his motion a week after the court issued the scheduling order, and four months before the close of discovery, the plaintiff has deprived himself of the ability to use discovery to support the motion. If the plaintiff wants to have all of the evidence before filing for summary judgment, he can ask to withdraw the motion he filed on December

13, 2018 and the court will allow him to file another motion once discovery has closed.

The court notes one other thing. The December 6, 2018 scheduling order told the parties that they should "serve discovery requests on the opposing parties, and must not file them with the court." Dkt. No. 14 at 1. Despite this clear instruction, the plaintiff filed his discovery demands with the court. Dkt. No. 20. The court encourages the plaintiff to review the documents he receives from the court, and to comply with the court's orders. The case will go more smoothly for everyone if he does.

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 26.

Dated in Milwaukee, Wisconsin this 23rd day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**